UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANNE FRANCIS MAGANA[1], <br> Plaintiff <br> v. <br> NANCY A. BERRYHILL[2], Acting Commissioner of Social Security, <br> Defendant. | Case No. 5:16-cv-01387-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Jo Anne Francis Magana ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 8, 10] and briefs addressing disputed issues in the case [Dkt. 15 ("Pltf.'s Br."), Dkt. 18 ("Def.'s Br."), and Dkt. 19 ("Pltf.'s Reply").] The Court has taken the parties' briefing under

---

[1] Plaintiff's name on the docket is Jo Ann**e** Francis Magana. However, the Court notes that the administrative record refers to Plaintiff as Jo Ann Francis Magana.

[2] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On August 23, 2013, Plaintiff filed an application for DIB, alleging that she became disabled as of May 11, 2011. [Dkt. 13, Administrative Record ("AR") 16, 141-142.] The Commissioner denied her initial claim for benefits on November 18, 2013 and upon reconsideration on February 25, 2014. [AR 16; 59-68; 70-79.] On December 10, 2014, a hearing was held before Administrative Law Judge ("ALJ") John W. Wojciechowski. [AR 33-58.] On January 28, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 13-29.] Plaintiff requested review from the Appeals Council and included a physician's source statement dated February 25, 2015. [AR 10-12; Dkt.15-21.] The Appeals Council denied review on May 18, 2016, finding that the additional evidence postdated the date of the hearing decision, and therefore did not provide a basis for changing the ALJ's decision. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since May 11, 2011, the alleged onset date, through December 31, 2016, her date last insured. [AR 18.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia and right shoulder adhesive capsulitis. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 21 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) and SSR 83-10 specifically as follows: the claimant can lift and/or carry 20 pounds occasionally and up to 10 pounds frequently; she can stand and/or walk for at least six hours out of an eight-hour workday; she can sit for at least six hours out of an eight-hour workday; she can frequently climb, balance, stop, kneel, crouch, or crawl; she can occasionally use ladders, ropes, and scaffolds; she must avoid concentrated exposure at the workplace to extreme cold temperatures, industrial hazards and vibrations; and the claimant is limited [sic] occasional overhead reaching with the right upper extremity.

[AR 22-25.] Applying this RFC, the ALJ found that Plaintiff was capable of performing her past relevant work as a personnel scheduler, and thus, was not disabled. [AR 25-26.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that: (1) the ALJ failed to properly find that Plaintiff's migraine headaches were a severe impairment; (2) the new medical evidence submitted to the Appeals Council renders the ALJ's decision unsupported by substantial evidence; (3) the ALJ erred in the assessment of Plaintiff's credibility; and (4) the ALJ erred in finding Plaintiff's husband's written testimony was not entitled to substantial weight. [Pltf.'s Br. at 1.] As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

///

3

Plaintiff first contends that the ALJ erred in finding that Plaintiff's migraine headaches were not severe. [Pltf.'s Br. at 3-6; Pltf.'s Reply at 1-4.] The Court agrees.

At step two of the sequential evaluation process, a plaintiff has the burden to present evidence of medical signs, symptoms, and laboratory findings that establish a medically determinable physical or mental impairment that is severe and can be expected to result in death or last for a continuous period of at least twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); *see* 20 C.F.R. §§ 404.1520, 404.1509). To determine whether or not an impairment is severe, the ALJ must determine whether a claimant's impairment or combination of impairments significantly limits his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522. Basic work activities are "the abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling, as well as the capacity for seeing, hearing and speaking, understanding, carrying out, and remembering simple instructions, using judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. *Id.*; *see also Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005). Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996); Social Security Ruling ("SSR") 85–28.

Here, the ALJ determined at step two of the five-step analysis that Plaintiff's migraine headaches did not constitute a severe impairment. The ALJ first noted that "the treating record does not corroborate the [Plaintiff's] subjective complaints of migraine headaches and related limitations." [AR 19.] Specifically, the ALJ stated

that "[Plaintiff] testified that she was recently scheduled to undergo an MRI study for the condition; however, this report [wa]s not in the record as of the date of [the ALJ's] decision" and the record contains "few subjective complaints specifically related to migraine headaches." [*Id.*] While it is true that Plaintiff's recent MRI does not appear to be part of the medical record, if the ALJ determined the record was incomplete because of this, the ALJ had a duty to supplement the record, before finding Plaintiff's migraines to be a non-serve impairment. *Webb*, 433 F.3d at 687 ("[T]he ALJ had an affirmative duty to supplement Webb's medical record, to the extent it was incomplete, before rejecting Webb's petition at so early a stage in the analysis."). Second, the ALJ made no specific reference to the medical evidence to support his finding that Plaintiff's subjective complaints were not corroborated. Rather, he cited generally to the entire medical record as evidence, which is over two hundred pages. [*Id.*] The Court finds that the available treatment records sufficiently document Plaintiff's migraines and include notes from various doctors prescribing medication for Plaintiff's migraine headaches (such as Naratriptan). [*See, e.g.*, AR 241-243; 251-257; 301; 331-332.]; *see also Dalley v. Commissioner of Social Security*, 2006 WL 2578269 at * 7 (N.D. Cal. 2006) ("migraine headaches are a common malady that are readily diagnosed through the evaluation of symptoms. They are difficult to control with or without medication….No diagnostic tests are useful, except to exclude other causes.").

Next, the ALJ found that Plaintiff had worked prior to the alleged onset date despite her migraines. However, the ALJ fails to address that Plaintiff testified that her migraines increased in frequency in 2010 and 2011. [AR 42.] Prior to that time, Plaintiff worked for over twenty years as a staffing coordinator at Kaiser Permanente. [AR 40.] Plaintiff testified that she was able to work with her migraines but, over time, she began to use a lot of "personal days, sick time, [and] would] go[] home early." Plaintiff's "husband would have to come pick [her] up at work" because of her migraine headaches. [*Id.*] Plaintiff finally decided to stop

5

working after she had utilized her vacation, sick, and family leave time, and had been told by human resources that her "attendance was suffering." [AR 48.] Plaintiff also provided several migraine logs, detailing the number of moderate and severe migraines she experienced per month from 2010 to 2014. [AR 212-216.] Accordingly, the ALJ's contention that Plaintiff's migraine headaches were not severe because Plaintiff was able to work despite this condition is not supported by substantial evidence.

Further, the ALJ's comment that Plaintiff's "migraines are controlled" is not accurate. [AR 53.] The Kaiser reports indicate that the assessment of medication efficacy was stable, not that Plaintiff's condition was stable. [*See, e.g.*, AR 241-243; 251-257; 301; 331-332.] Moreover, evidence that Plaintiff's condition improved with medication does not negate the possibility that her migraines are severe. Although the ALJ may consider whether Plaintiff's impairments improved with medications, the ALJ may not rely on improvement from medications alone to demonstrate that Plaintiff's medical impairment is not severe. *See Holohan*, 246 F.3d at 1205 ("[t]hat a person . . . makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."); *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00D2 (stating that an individual's "level of functioning may vary considerably over time…Proper evaluation of [a physical impairment] must take into account any variations in the level of…functioning in arriving at a determination of impairment severity over time."). Accordingly, Plaintiff offered sufficient evidence to overcome the *de minimis* burden at step two, and the ALJ's finding that Plaintiff's migraines were not severe is not supported by substantial evidence in the record.

Next, the Court must determine whether the ALJ's error in evaluating Plaintiff's migraine headaches was harmless. As the Commissioner correctly points out, even if an ALJ errs by finding one or more of a plaintiff's alleged impairments nonsevere, such error is harmless if he nevertheless considers the impairments when

6

determining the plaintiff's RFC at step four. [Def. Br. at 7]; *see also Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two harmless if ALJ fully evaluated claimant's medical condition in later steps of sequential evaluation process); *Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's error harmless when "inconsequential to the ultimate nondisability determination"). Therefore, the critical question is whether the ALJ actually considered the various conditions and associated limitations in the remaining steps of the sequential evaluation.

Here, the ALJ's RFC finding does not appear to address any limitations that could arise out of Plaintiff's migraines, such as light sensitivity or an inability to engage in sustained work activity during the course of a migraine. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (noting an ALJ's failure to consider a claimant's panic disorder severe led to a residual functional capacity finding that "was incomplete, flawed, and not supported by substantial evidence in the record."). In addition, the VE testified that if an individual was absent three days per month or had to leave early at least four days per month, she would be unable to work. [AR 56-57.] Thus, the ALJ's failure to consider Plaintiff's migraines to be a severe impairment at step two was not inconsequential to the ultimate nondisability determination, and the ALJ's error at step two requires remand for further proceedings. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Plaintiff also argues that the ALJ erred in failing to address Listing 11.03 for epilepsy. [Pltf.'s Br. at 5-6.] In light of the Court's conclusions regarding the ALJ's step-two error, the ALJ should revisit the question of whether Plaintiff has an impairment or combination of impairments that meets or equals a listing on remand.[3]

---

[3] The Court has not reached the remaining issues raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. The Court notes that while it is likely that the ALJ will consider the February 27, 2015 physician source statement on remand, a check box form without any indication of the time period for which the physician's

7

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and

---

opinion applies (a determination that a patient is disabled now is not the same as an examination and records review that demonstrates disability at an earlier date) or any basis for its ultimate conclusions may be entitled to little or no weight. The ALJ may wish to consider whether a consultative examiner might be able to help make sense of the ambiguities in the record. The ALJ should explore and resolve any additional issues on remand, as he sees appropriate.

Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: September 29, 2017    _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE